**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**IDAHO POTATO PROCESSORS, INC., Respondent.**

**No. 18390.**

United States Court of Appeals Ninth Circuit.

Sept. 17, 1963.

I. 1. Cease and desist from:

(a) Discouraging membership in or activities in behalf of American Federation of Grain Millers, AFL-CIO, or in any other labor organization of its employees by discriminatorily discharging any of its employees or by discriminating in any other manner in regard to hire or tenure of employment or any term or condition of employment.

(b) Promulgating or enforcing any unlawful no-solicitation rule.

2. Take the following affirmative action which I find will effectuate the policies of the Act.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., Lee M. Modjeska, and Glen Bendixsen, Attys., N.L.R.B., Washington, D. C., for petitioner.

Eli A. Weston, Boise, Idaho, for respondent.

Before HAMLIN and DUNIWAY, Circuit Judges, and KUNZEL, District Judge.

KUNZEL, District Judge.

Pursuant to Section 10(e) of the National Labor Relations Act (29 U.S.C.A. § 160(e)), the National Labor Relations Board petitions for enforcement of its order dated June 27, 1962,[1] against Idaho

(a) Offer to Ernest Essary immediate and full reinstatement to his former or substantially equivalent position and make him whole for any loss of earnings attributable to his discharge, in the manner set forth in "The remedy" section of this report.

(b) Preserve and upon request make available to the Board or its agents for examination and copying all records necessary to or convenient for a determination of the amount of backpay due.

(c) Post at its plant in Burley, Idaho, copies of the notice attached hereto as an Appendix. Copies of such notice to be furnished by the Regional Director for the Nineteenth Region shall, after being duly signed by the Respondent's authorized representative, be posted by it immediately upon receipt thereof and be maintained by it for a period of 60 consecutive days thereafter in conspicuous

Potato Processors, Inc. The Board's decision and order are reported at 137 NLRB No. 106.

The Company objects to the part of the order which reinstates with back pay, its employee Ernest Essary who was discharged by the Company on September 26, 1961. The balance of the order is innocuous as it only orders the Company to comply with the law.

The Board found the Company's nonsolicitation rule was in violation of Section 8(a) (1) of the Act (29 U.S.C.A. § 158(a) (1) ), and that the discharge of Essary was in violation of 8(a) (3) and 8(a) (1) of the Act (29 U.S.C.A. § 158 (a) (1) and (3)),[2] in that Essary had been discharged by reason of union activities and not for violation of the no-solicitation rule.

Essary, before his discharge, had worked for the Company about two and a half years, and at the time of his discharge was a boiler operator working the midnight to 8 A.M. shift. Essary spent most of his time in the boiler room where employees sometimes gathered to have a smoke during a break or slack period. Essary had in his possession some cards which, when signed by employees, authorized a union to intervene in their behalf. Some of these cards were passed out to employees when they visited the boiler room. Before Essary's discharge, it had come to the attention of the Company's management that on one occasion Essary had passed out some cards when he was performing one of his duties outside of the boiler room and while the employee who received the card was also working. After Essary's discharge, the Company received information that he had passed out some of the union cards to another employee when both Essary and the employee were working.

It is conceded that the Company had a long standing rule which provided "no solicitation or petitions unless authorized," and that Essary was familiar with the rule. Essary admitted passing out the union cards during working hours but denied he was soliciting.

On September 26, 1961, Essary was called into the personnel manager's office where the personnel and production managers, the shift supervisor, and the package foreman were present. Essary testified that at the meeting the production manager said, "that he had proof that I was passing out union cards, and he asked me if there was anything at the present that I was dissatisfied with of the way things was, that I felt in a way that I would feel that we should have a union.", and, "he brought it up that I had been working for the union passing out the cards, and I told him I had signed a card and I had cards in my possession, that I had—hadn't solicited as far as—hadn't considered it soliciting, * * *", and the production manager "did bring up that he thought there was enough trouble over the union election the previous year for—to be trying to stir up any more.", and "that the union election didn't go over the year before, and it had cost the company a lot of money and had run into a lot of trouble, and proved out to be that the employees didn't want it." This testimony was not refuted by the production manager. However, the personnel manager testified that Essary was terminated for violation of the no-solicitation rule. After the meeting, Essary was handed a termination notice

places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken to ensure that the notices are not altered, defaced, or covered by any other material.

(d) Notify the Regional Director for the Nineteenth Region, in writing, within 10 days from the date of this Order what steps have been taken in compliance.

2. "(a) It shall be an unfair labor practice for an employer—

"(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title;

"(2) * * *

"(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization: * * *"

signed by the personnel manager and initialled by the production manager, which stated, "discharged for cause", "solicitation in plant (passing out Union literature, etc.)".

Essary testified that on many occasions before his discharge there had been solicitations in the plant during working hours for Christmas and birthday parties, showers and gifts. The plant superintendent testified that sometime in 1961 there had been some complaints about excessive solicitations for contributions among the employees, and that a bulletin was posted in April of 1961 which read in part, "The plant management has no objection whatsoever of these activities being scheduled within your individual shift and department—however, all we ask is that our work schedule not be interrupted and that these activities occur on a scheduled and planned basis." The activities referred to were pot-luck dinners, birthday parties, and the like.

The weight to be given to the findings of the Board is set out in Section 10(e) of the Act, which provides in part, "The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive."

Applying the statutory criteria, petitioner's finding of fact to the effect that Essary's discharge was for union activities rather than for violation of the no-solicitation rule, is supported by substantial evidence on the record considered as a whole, and we so hold.

The Board also found in support of its order " * * * that in the absence of any evidence that special circumstances made Respondent's broad no-solicitation rule necessary in order to maintain production or discipline, such rule is presumptively an unreasonable impediment to self-organization and is therefore presumptively invalid in violation of Section 8(a) (1)."

The Company presented no evidence of special circumstances. The Board relies upon N. L. R. B. v. Essex Wire Corp., 245 F.2d 589 (9th Cir., 1957), and Republic Aviation Corp. v. N. L. R. B., 324 U.S. 793, 65 S.Ct. 982, 89 L.Ed. 557 (1945), to support its finding. The order of the Board, however, only prohibits the enforcement of "any unlawful no-solicitation rule."

The finding that the no-solicitation rule was presumptively invalid is not necessary to support the Board's finding that Essary was not discharged for violating the rule but for union activity, and· we therefore do not reach the question of whether such a rule, absent proof of special circumstances, could be said to be presumptively invalid if enforced to prohibit union solicitation during working hours. This court has recently held that such an order is proper when properly enforced. Wah Chang Corp. v. N. L. R. B., 305 F.2d 15 (9 Cir., 1962).

A decree will be entered enforcing the Board's order.

DUNIWAY, Circuit Judge (concurring).

I concur in the result. However, I do not see how we can avoid passing upon the validity of the employers' "no solicitation" rule. The order of the Board prohibits promulgating or enforcing any unlawful no solicitation rule. This order can be justified only if the rule that the employer had in effect was unlawful. I think that it was unlawful under the decisions in N. L. R. B. v. Essex Wire Corp. and Republic Aviation Corp. v. N. L. R. B., cited in the majority opinion. In my opinion, the decision of a panel of this court in Wah Chang Corp. v. N. L. R. B., 9 Cir., 1962, 305 F.2d 15, on this point, is clearly wrong for the reasons stated by Judge Hamley in his dissent in that case, and I am convinced that eventually this court will have to overrule it. There, however, the court based its decision on the manner in which the rule was enforced. No such evidence was presented in this case, and therefore that case is not controlling here.